UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM FIGUEROA, | ) | Case No.: 1:11 CV 02593 |
| | ) | 1:05 CR 00372 |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court is Petitioner William Figueroa's ("Petitioner") Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 47.) Respondent United States of America ("Respondent") opposed the Motion. For the following reasons, the court hereby denies Petitioner's Motion to Vacate.

## I. FACTS AND PROCEDURAL HISTORY

On July 9, 2005, Petitioner Figueroa was arrested for distribution of approximately 1 gram of cocaine base ("crack-cocaine"), possession with intent to distribute approximately 85 grams of crack-cocaine, and possession of approximately 37 grams of heroin. (Lucas Aff., at 2, ¶ 5, ECF No. 1-1.) Petitioner Figueroa was indicted on August 3, 2005 for distribution crack-cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count 1), possession with intent to distribute crack-cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (count 2), and possession with intent to distribute heroin in violation 21 U.S.C. § 841(a)(1) and (b)(1)(A)(count 3). (ECF No. 8.) Petitioner plead

guilty to all three counts on November 16, 2005, and on February 24, 2006, was sentenced to a term of 120 months of imprisonment followed by five years of supervised release. (ECF No. 20; ECF No. 26.) Petitioner was required to receive a mandatory minimum sentence of 120 months under 21 U.S.C. § 841(a)(1) because he possessed 50 or more grams of crack-cocaine.

The Fair Sentencing Act ("the FSA") was signed into law on August 3, 2010. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (West). The Act amended several subsections of 21 U.S.C. § 841 to reduce the sentencing disparity between crack-cocaine and powder-cocaine offenses. Specifically, as it applies to Petitioner, the FSA raises the threshold amount required for imposition of the mandatory minimum sentence from 50 grams to 280 grams of crack-cocaine under (a)(1)(A). *Id*. If Petitioner was sentenced today, he would be subject to the Federal Sentencing Guidelines ("Guidelines"), not the mandatory minimum sentence as prescribed by the pre-FSA § 841. Petitioner argues that today his sentence would be in the range of 57–71 months. (Pet. Br. in Supp. of Mot. to Vacate, at 8, ECF No. 47.) Petitioner seeks to have the court retroactively impose the lesser sentence, not permitted under the FSA, rather than the 120-month mandatory sentence that he previously received.

## II. 28 U.S.C. § 2255 STANDARD

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Title 28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C.

§ 2255 (2006). Generally, to prevail on a § 2255 motion alleging a constitutional error, the petitioner must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). To prevail on a non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Moreover, in order to obtain this form of collateral relief, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 166 (1982), because "[o]nce the defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted." *Id.* at 164.

### III. LAW AND ANALYSIS

#### A. Retroactive Application of the FSA

Petitioner requests that the court retroactively apply the FSA to his sentence. Although the FSA is silent as to retroactivity and there exists a general presumption against retroactive legislation, Petitioner argues that a failure to retroactively apply the FSA to his sentence would be unconstitutional and result in injustice. The court holds, however, that the FSA does not retroactively apply to Petitioner's sentence.

The general savings statute, 1 U.S.C. § 109, provides that the amendment of a "statute shall not have the effect to release or extinguish any penalty . . . or liability incurred under such statute, unless the repealing Act shall so expressly provide." 1 U.S.C. § 109 (2006). *See also United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). Furthermore, the Sixth Circuit has held that absent

express language to the contrary, the FSA is not retroactive and may not be applied as such to those defendants sentenced under the pre-FSA version of § 841. *Id.* Other circuits are in agreement that the FSA is not retroactive. *See United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam); *United States v. Reevey*, 631 F.3d 110, 111 (3d Cir. 2010), *cert. denied*, 131 S.Ct. 2947 (2011); *United States v. Bullard*, 645 F.3d 237, 248 (4th Cir. 2011); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011); *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010), *cert. denied*, 131 S.Ct. 2121 (2011); *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir. 2010), *cert. denied*, 131 S.Ct. 1805 (2011); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied*, 131 S.Ct. 1790 (2011); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1833 (2011).

There exists a narrow series of cases, "pipeline cases," that have retroactively applied the FSA to defendants who committed a crime before the FSA was enacted, but were not sentenced until after the statute went into effect. *See United States v. Rojas*, 645 F.3d 1234 (11th Cir. 2011); *United States v. Douglas*, 644 F.3d 39 (1st Cir. 2011). Petitioner argues that these cases present an equitable alternative for this court to consider, despite the overwhelming precedent against retroactive application of the FSA. He asserts that, in these pipeline cases, § 109 did not bar retroactive application of the FSA because the courts found that choosing to sentence the defendants under the pre-FSA § 841 would "frustrate the clearly evidenced goals of Congress," *Rojas*, 645 F.3d at 1238, and that retroactive application would lead to a "fair result." *Douglas*, 644 F.3d at 44. However, Petitioner's case is distinguishable from the defendants in *Rojas* and *Douglas* in that Petitioner was convicted and sentenced several years before the enactment of the FSA, as opposed to having the FSA enacted during the time between his conviction and sentencing.

Further, Petitioner ignores the *Rojas* court's express caution that it is not in disagreement with its "sister circuits in one major sense - absent further legislative action directing otherwise, the general savings statute prevents a defendant who was sentenced prior to the enactment of the FSA from benefitting from retroactive application." *Rojas*, 645 F.3d at 1238. Additionally, the *Douglas* court, in discussing the legislative intent surrounding the FSA, clearly noted that the legislative history surrounding the FSA "indicates Congress' concern about any proposal that would require courts to re-sentence the vast number of prisoners in federal custody serving sentences for pre-FSA [crack-cocaine] offenses." *Douglas*, 644 F.3d at 43–44. The court was careful to distinguish pre-FSA crack-cocaine offenses for which sentencing was imposed after the enactment of the FSA from pre-FSA crack-cocaine offenses for which sentencing was imposed before the enactment of the FSA. *Id.*

Although Petitioner has not argued that the November 1, 2010 amendments to the Guidelines are further evidence that the FSA should be retroactively applied to his sentence, the court agrees with the Respondent that the Sentencing Commission does not have the authority to retroactively amend a statutory minimum sentence; therefore, these amendments, and unless congressional action is taken to amend the FSA to render it retroactive as to the statutory minimum, the Guidelines must "yield" to the statutory minimum. *United States v. Goff*, 6 F.3d 363, 366–67 (6th Cir. 1993); *see also United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009), *cert. denied*, 130 S. Ct. 318 (2009) (citing U.S.S.G. § 5G1.1(b)); *United States v. Cecil*, 615 F.3d 678, 695 (6th Cir. 2010), *cert. denied*, 131 S.Ct. 1525 (2011).

Because the Sixth Circuit has clearly determined that retroactive application of the FSA is inappropriate and the court is not presented with a "pipeline case" in which the court would have

to decide whether post-FSA sentencing for a pre-FSA offense would be appropriate, the court rejects Petitioner's argument that the FSA should be retroactively applied to Petitioner's sentence.

**B. Eighth Amendment Argument**

Petitioner also argues that failure to retroactively apply the FSA to his sentence would violate the Eighth Amendment's provision against cruel and unusual punishment. The basis for Petitioner's Eighth Amendment argument is that his sentence violates the current "national consensus" regarding crack-cocaine offenses and "evolving standards of decency" surrounding acceptable punishments for such crimes. (Pet.'s Br. in Supp. of Mot. to Vacate, at 9–10, ECF No. 47.) While the court recognizes that the last several years have brought a change in the national consensus regarding crack-cocaine offenses and recognition of the disparity between the length of sentence for crack-cocaine and powder-cocaine crimes, Petitioner's argument that his sentence, the pre-FSA § 841 mandatory minimum of ten years imprisonment, equates to cruel and unusual punishment is without merit.

In arguing that his sentence violates the Eighth Amendment, Petitioner relies on the culmination of Supreme Court precedent found in *Graham v. Florida*, 130 S. Ct. 2011 (2010). In *Graham*, the Supreme Court prohibited the imposition of life sentences without parole to juveniles who committed non-homicide crimes. *Id. Graham* embodies the idea that while the concept of "cruel and unusual punishment" remains static over time, the applicability of the standard must remain fluid in order to reflect the evolving morals (or "evolving standards of decency") of our society.

The Supreme Court's holding in *Graham* is a logical step following the evolution of this standard through the landmark Supreme Court decisions in *Trop v. Dulles*, 356 U.S. 86 (1958)

(holding that the revocation of citizenship is in violation of the Eighth Amendment), *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that the Eighth Amendment prohibits the denial of medical care to a prisoner), *Thompson v. Oklahoma*, 487 U.S. 815 (1988) (prohibiting the execution of minors under the age of 16, *Atkins v. Virginia*, 536 U.S. 304 (2002) (prohibiting an imposition of the death penalty for the mentally retarded), *Roper v. Simmons*, 543 U.S. 551 (2005) (prohibiting the execution of individuals under the age of 18 at the time they committed their crime), and *Kennedy v. Louisiana*, 554 U.S. 407 (2008) (prohibiting the death penalty for those who commit non-homicide child rape).

The precedent cited by Petitioner is notable in that it highlights the evolution of the standards set forth by our changing society with regards to what constitutes a cruel or unusual punishment. However, Petitioner's argument that the outcome in the above-mentioned cases set a precedent for this court to apply in Petitioner's case does not follow. There is a clear disparity between the severity and nature of the punishments prohibited by the cases cited above and the ten-year sentence Petitioner received.

Further, while the court does not suppose that Petitioner attempted to mislead the court by misconstruing the severity of his sentence,[1] the court does want to clarify that Petitioner was sentenced to a ten-year term of imprisonment, the mandatory minimum under pre-FSA § 841, not a life sentence.

While the national trend minimizing the disparity between the length of sentence for crack-cocaine and powder-cocaine offenses culminated in the enactment of the FSA, this does not mean

---

[1] Throughout Petitioner's brief, Petitioner indicates that the court imposed a mandatory life sentence in this case. (Pet. Br. in Supp. of Mot. to Vacate, ECF No. 47.)

that a mandatory minimum sentence imposed pre-FSA constitutes cruel and unusual punishment under the Eighth Amendment as a result of the passage of the FSA. Therefore, the court rejects Petitioner's argument that his sentence is unconstitutional under the Eighth Amendment.

### C. Fifth Amendment Argument

Finally, Petitioner argues that his sentence violates the Equal Protection clause of the Fifth Amendment because a defendant convicted and sentenced today, under the same set of circumstances as Petitioner, would not be subject to a mandatory sentence of ten years imprisonment. While this is accurate, Petitioner's argument is not compelling and the court does not agree that his sentence violates the Fifth Amendment.

Arguing that he is similarly situated to the defendants in *Rojas* and *Douglas*, Petitioner contends that the Equal Protection Clause of the Fifth Amendment requires that the FSA be retroactively applied to his sentence. The court recognizes that the law related to crack-cocaine offenses has evolved since Petitioner's conviction and sentencing. This evolution alone, however, does not place Petitioner in a position to be "similarly situated" to those who have been convicted and sentenced since the standards for crack-cocaine offenses have changed. Certainly this evolution is evident through the amendments made to § 841 by the FSA, but the FSA's silence on retroactivity clearly demonstrates that the legislative intent of the FSA was not to change the sentences of past offenders, but, moving forward, to acknowledge a new legal and societal trend. In short, Petitioner's sentence is reflective of a just punishment as measured at the time he committed the crime and was sentenced. Additionally, as highlighted earlier, the legislative history of the FSA clearly indicates that Congress did not intend for the FSA to apply to previous sentences imposed under § 841. *Douglas*, 644 F.3d at 43–44.

Despite his argument to the contrary, Petitioner is not "similarly situated" to those defendants convicted before the FSA was enacted and sentenced in the post-FSA era. For that reason, the court

also rejects Petitioner's Fifth Amendment argument and finds that his sentence is not in violation of the Fifth Amendment's Equal Protection Clause.

## IV.  CONCLUSION

For the foregoing reasons, the court hereby denies Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

November 30, 2011